C/R
FILED
APR 12 2013
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD HOMAN, Petitioner, v. UNITED STATES OF AMERICA, Respondent. | CRIMINAL NOS. 05-CR-708 & 07-689 CIVIL NO. 10-7256 |

## MEMORANDUM OPINION & ORDER

**RUFE, J.**　　　　　　　　　　　　　　　　　　　　　　　　　　　　April 11, 2013

　　Donald Homan was charged, in two separate indictments (Criminal Action Nos. 05-708 and 07-689) with conspiracy to distribute controlled substances, possession with intent to distribute controlled substances, conspiracy to commit pharmacy burglary, pharmacy burglary, and aiding and abetting. He entered an unwritten, open guilty plea agreement with regard to the 05-708 indictment, and a written guilty plea agreement that included a general waiver of his right to collaterally attack his sentence with regard to the 07-689 indictment.

　　On February 12, 2009, the Government filed its sentencing memorandum and a motion for an upward departure from the sentencing guidelines. At a hearing the next day, the Court noted that the motion had been filed and that Mr. Homan and his counsel needed an opportunity to respond, and the hearing was adjourned until May 21, 2009. In advance of the May 21, 2009 hearing, the parties reached an agreement that 144 months was an appropriate upward departure. The Court held a sentencing hearing on May 21, 2009, at which the Court granted the motion for upward departure as unopposed and warranted under the circumstances.[1] The agreed-upon 144 month sentence was imposed on each count, to run concurrently on both indictments and to run

---

[1] Sentencing Hr'g Tr. at 20.

concurrently with the remaining balance of the state prison sentence Mr. Homan was then serving and with any violation sentence he might serve.[2]

In addition to imposing concurrent 144-month sentences, the Court made certain recommendations to the Bureau of Prisons, including the recommendation "that Mr. Homan be given credit for all time he has served in this matter while in federal custody or in state custody towards the sentence, because we are running the sentences concurrently, and there is no reason not to."[3] The Judgment included a recommendation to the Bureau of Prisons that "defendant receive credit for all time served on these matters while in state and federal custody."[4] This statement was specifically a recommendation, not an order.

Mr. Homan filed a *pro se* petition to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, setting forth the following grounds for relief: 1)"Petitioner is asking to be granted a formal concurrent sentence because at the time of sentencing it was awarded to him. . . he is entitled to . . . obtain credit from his prior state conviction"[5]; 2) "On sentencing petitioner was awarded concurrent *non pro tunk* [sic] credits to be awarded since the day sentence was imposed. . . . Defendant is entitled to be awarded any and all credits obteined [sic] before his sentencing . . . ."[6] In short, he asks the Court to award "custody credits as it was imposed by the sentencing courts." The Petition indicates that Mr. Homan did not receive the custody credits he

---

[2] Tr. 4, 37-38.

[3] Tr. 38-39. At the time of the Sentencing Hearing, Petitioner had served approximately 5 ½ years in state custody. Tr. 10.

[4] Judgment [Doc. No. 47]

[5] Doc. No. 55 at 4.

[6] Doc. No. 55 at 5.

expected based upon the Court's *recommendation* that he receive credit for time in state custody on related charges.[7]

While presented as a petition to vacate, set aside or correct his sentence pursuant to §2255, this is not a challenge to the legality of the sentence imposed; instead it is a petition to *enforce* the Court's *recommendation* to the Bureau of Prisons that Mr. Homan receive credit for time served on these matters. The Third Circuit instructs that "a claim for pre-sentence credit involves the computation of time served, which is an administrative rather than a judicial responsibility and is unrelated to the sentencing process."[8] As Mr. Homan is not challenging the validity of his sentence, but rather the manner in which the sentencing recommendations were executed by the Bureau of Prisons, Mr. Homan's request is not properly before this Court as a § 2255 Motion.[9] Rather, Mr. Homan must raise this issue on a §2241 petition, which must be filed in the appropriate district court in Michigan, where he is confined.[10] This Court lacks jurisdiction to consider Mr. Homan's Motion.[11] Accordingly, the Court will dismiss the Petition without reaching the Government's unopposed Motion to Enforce Collateral Attack Waiver and for Summary Dismissal.

An appropriate Order follows.

---

[7] The Court is unable to verify this based on the record before it, but will assume it is true for the purpose of this opinion.

[8] United States v. Smith, 355 F. App'x 656, (3d Cir. 2009) (citing Soyka v. Alldredge, 481 F.2d 303, 304-05 (3d Cir. 1973), which involves 18 U.S.C. §3568, the predecessor statute to 18 U.S.C. § 3586).

[9] See 28 U.S.C. §2255; United States v. Stackpole, 406 F. App'x 586, 586 (3d Cir. 2011) (collecting Third Circuit cases); United States v. Cordero, No. 03-cr-88-6, 2013 WL 460139, *2 (E.D. Pa. Feb. 6, 2013) (collecting Third Circuit cases).

[10] 28 U.S.C. §2241.

[11] Rumsfeld v. Padilla, 542 U.S. 426, 442-43 (2004).